## Timothy Donovan *vs.* Ellen Donovan.

In a petition for a sentence of nullity of marriage into which a man was induced to enter by confiding in representations of the woman whom he took for his wife that she was chaste, when in fact she was with child by another man, evidence of express representations of the woman of her chastity before the marriage is not necessary to sustain the petition.

PETITION for a sentence of nullity of marriage on the ground that at the time of the marriage the respondent was with child by another man, and fraudulently induced the petitioner to believe that she was chaste. The respondent asked the court to rule that the petitioner should offer evidence of the representations of the respondent of her chastity before the marriage, but *Chapman*, J. ruled that evidence of express representations was not necessary to sustain the petition. The petition was granted, and the respondent alleged exceptions.

*G. Marston,* for the respondent.

*J. M. Day & J. Higgins,* for the petitioner.

BIGELOW, C. J. The ruling of the court was clearly right. The fact that the respondent was pregnant with child by a man other than the petitioner at the time the contract of marriage was entered into was material, and went to the essence of the contract. This was settled on full consideration in *Reynolds* v. *Reynolds*, 5 Allen, 605. In determining on the validity of such contract, in order to ascertain whether it shall be adjudged void on the ground of fraud under Gen. Sts. *c.* 107, § 4, the same rules of evidence are to be applied as to other civil contracts. There must be satisfactory proof either of misrepresentation or concealment of some essential fact. This may be established either by direct or by circumstantial evidence. Nor is it necessary that it should be shown that there were any express misrepresentations or any positive and overt acts of concealment. It is sufficient to prove that the acts and conduct of one of the parties were such that a reasonably cautious and prudent person might be misled or deceived as to the existence of a particular fact which formed the basis or contributed an essentia. ingredient in the contract, and that these acts and conduct were

adapted and designed to induce and create a false impression and belief in the mind of the other party. Every intentional misrepresentation of a material fact, however caused, whether it is the result of express statements or is to be implied from circumstances, if made with a view to induce another person to become a party to a contract which he would not else have entered into, affords sufficient ground to absolve the innocent party from the obligation which he was fraudulently led to assume. This is the general rule applicable to all contracts; and we are unable to see any reason for excepting from its operation the contract of marriage. The real difficulty in applying the rule to the latter contract is in determining what facts shall be deemed to be material. But when that question is once settled, the facts are to be shown in the same manner as other similar facts are established in regard to other contracts. If such were not the rule, it would be very difficult, if not impossible, to prove a fraud, such as is alleged in the petition in the present case. A woman who was about to enter into the marriage contract would rarely, if ever, make her condition as to pregnancy by other men the subject of express representations to the man whom she intended to marry.

*Exceptions overruled.*