FREDERICK W. TURNEY, petitioner,

*v.*

MINNIE M. AVERY, otherwise MINNIE M. TURNEY, defendant.

[Decided May 9th, 1921.]

1. Want of power for copulation is impotence, but mere sterility is not.

2. The procreation of children is one of the ends of matrimony—in fact the most important one ; and when a woman, knowing herself to be barren and incapable of conceiving and bearing children, does not disclose that fact to her intended husband, he, upon discovering such sterility after marriage, may bring suit and obtain a decree for annulment on the ground of fraud under the general equity jurisdiction of the court of chancery dissociated from its statutory power to annul for specified cause.

3. A decree *nisi* is the first decree in nullity as well as divorce suits.

On petition for annulment of marriage. On final hearing *ex parte.*

*Mr. William L. Brunyate,* for the petitioner.

WALKER, CHANCELLOR.

The petition is one for annulment of marriage on two grounds —(1) impotence, and (2) fraud in the contract. The impotence charge is that the defendant had had a surgical operation performed upon her whereby her ovaries had been removed. The sterility resulting from this the petitioner called impotence, but in law it is not. The doctors who were called testified that the defendant was capable of having sexual intercourse, and the husband testified that he had had such intercourse with her on several occasions. In *Kirschbaum* v. *Kirschbaum, 111 Atl. Rep. 697,* I decided that want of power for copulation is impotence, but that mere sterility is not. No relief can be accorded on this score.

As to fraud: The allegation is that the defendant failed to disclose to the petitioner the fact, which she knew, that she was sterile and could not conceive and bear children, and this was proved. It was discovered by the petitioner after marriage. This was a fraud in the contract of marriage affecting an essential of the marital relation. *Bolmer* v. *Edsell, infra.*

Lord Penzance has observed that the procreation of children is one of the ends of marriage. See *Bolmer* v. *Edsall, 90 N. J. Eq. 299* (at *p. 303*). I do not hesitate to say that it is the most important object of matrimony, for without it the human race itself would perish from the earth.

Some women are congenitally, and others traumatically, barren. The former may never discover the fact until after a fruitless marriage. But when a woman knows that she has been made barren by a surgical operation she is under a legal duty to disclose the fact to an intended husband, so that, if he then marries her, he will be consenting to the situation that will frustrate his natural hope of posterity, and he would not be heard to repudiate the marriage which his conduct had rendered unavoidable, although if his knowledge had been acquired subsequent to the ceremony, he could have avoided it.

False pretences are of two kinds—*suggestio falsi,* or affirmative false representation, and *suppressio veri,* or withholding the truth when it should be uttered. In *Nicholson* v. *Janeway, 13 N. J. Eq. 285,* it was held that undue concealment of a fact to the prejudice of another, which one party is bound in conscience and duty to disclose to the other, and in respect to which he cannot innocently be silent, constitutes a fraud against which equity will relieve. See also *Conover* v. *Wardell, 22 N. J. Eq. 492; Keen* v. *James, 39 N. J. Eq. 527, 540.*

The fraud in the case at bar is of the latter sort—that is, *suppressio veri;* and as it affected an essential of the marital relation the injured party is entitled to be relieved by annulment of the marriage in this court under its general equity jurisdiction dissociated from its statutory power to annul for specified cause. *Bolmer* v. *Edsall, supra.*

Annulment for fraudulent concealment will be accorded the petitioner. A final decree is no longer granted in the first instance. There must be a decree *nisi.* P. L. 1916 p. 109; *Bolmer* v. *Edsall, supra* (at p. 313); *Ysern* v. *Horter, 91 N. J. Eq. 189.*