[L. A. No. 7931. In Bank.—February 23, 1924.]

THOMAS M. HARDESTY, Appellant, v. AILEEN HARDESTY, Respondent.

[1] MARRIAGE — PREGNANCY PRIOR TO MARRIAGE — CONCEALMENT — FRAUD—ANNULMENT.—The fact of pregnancy existing at the time of marriage, by a person other than the husband, together with the concealment of that fact from the innocent spouse, amounts

1. Antenuptial pregnancy as a ground of divorce or annulment of marriage, notes, Ann. Cas. 1914C, 1291; 18 L. R. A. 375; 13 L. R. A. (N. S.) 996; L. R. A. 1916E, 650.

in law to the perpetration of fraud, for which the marriage may be annulled.

[2] ID.—WHAT CONSTITUTES FRAUD—REPRESENTATIONS.—The fraud in such case consists in the fact of pregnancy which disables the party from fulfilling the marriage contract, together with the concealment of that fact from the other party to the contract, and express representations by the wife to the husband concerning her character or condition are not necessary to the maintenance of the action.

[3] ID.—CUSTODY OF CHILDREN—SECTION 85, CODE OF CIVIL PROCEDURE. Section 85 of the Code of Civil Procedure makes it the duty of the court in annulling a marriage on such grounds to award the custody of the children of such marriage only to the innocent parent, and forbids making provision for their education and maintenance out of the property of the innocent party.

[4] ID.—DIVIDING CUSTODY OF CHILDREN—UNWARRANTED ORDER.—An order in such case in terms awarding the custody of a child of the parties to the father, but in effect dividing it equally between the two parties, awarding it to each in alternate periods of six months, is unwarranted; nor is there any warrant in such case for limiting the custody to a term of six years or any period short of minority.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Reversed.

The facts are stated in the opinion of the court.

Donald P. Lane and H. Clyde Harms for Appellant.

S. H. Underwood for Respondent.

MYERS, J.—The parties hereto intermarried in this state on August 19, 1918. The defendant gave birth to a child seven months and ten days after the marriage took place, having been pregnant before and at the time of the marriage by a person other than the plaintiff. Such pregnancy was not disclosed to the plaintiff and he had no knowledge of the same and believed that the child was his child and a child of their marriage, and continued in such belief up to September 11, 1922, at which time he learned the facts above stated. This action for the annulment of

4. Effect of provision in decree of divorce or separation on right of parent to custody of child, note, 41 L. R. A. (N. S.) 597.

the marriage was commenced in March, 1923. In the meantime a second child had been born—a child of this marriage and of the parties hereto, whose name is Helen Hardesty, and who was about eleven months of age at the time of the commencement of this action. The question of the custody of this child is the principal point involved upon this appeal.

The trial court found all of the facts in favor of the plaintiff and rendered judgment annulling the marriage. The plaintiff appeals from the portion of the judgment which makes provision for the custody of the child of the parties, which is as follows:

"It is further ordered, adjudged and decreed that the custody of the child of the parties hereto, Helen Hardesty, be awarded to the father, plaintiff herein, until said child reaches the age of six years. The mother, defendant herein, be allowed to take the child to her home at any point within the state of California during the months of September, October, November, December, January and February of each year. When said child reaches the age of six years further order of court to be made. During such time the child is with the mother, the father is to pay $30.00 a month for her support."

Section 85 of the Civil Code reads as follows:

"The court *must* award the custody of the children of a marriage annulled on the ground of fraud or force to the innocent parent, and *may* also provide for their education and maintenance out of the property *of the guilty party*." (Italics added.)

It is appellant's contention that the portion of the judgment appealed from, which is above quoted, is in clear violation of the code section referred to. There seems no room for doubt that this section is applicable to the instant case. The action was one for annulment of a marriage on the ground of fraud. [1] The fact of pregnancy existing at the time of the marriage, together with the concealment of that fact from the innocent spouse, amounts in law to the perpetration of a fraud. (*Baker* v. *Baker*, 13 Cal. 87, 103; *Barnes* v. *Barnes*, 110 Cal. 418, 422 [42 Pac. 904].) There is no suggestion that the findings of fact herein were not amply supported by the evidence. Indeed, the defendant by her verified answer did not deny the essential allega-

tions of the complaint. She denied the making of any express representations to the plaintiff concerning her character or condition, but no such representations are necessary to the maintenance of the action (*Donovan* v. *Donovan*, 91 Mass. 140), and these denials were, therefore, immaterial. [2] The fraud consists in the fact of pregnancy which disables the party from fulfilling the marriage contract, together with the concealment of that fact from the other party to the contract. She does not deny that she was pregnant by another at the time of her marriage to plaintiff, but contents herself with denying that she then knew that she was so pregnant. This denial is equally immaterial for the reason last stated.

[3] A consideration of the language of the code section above quoted, with particular reference to the words there italicized, leads to the conclusion that the legislature intended to make it the duty of the court in annulling a marriage upon the ground here involved to award the custody of the children of such marriage only to the innocent parent, and to forbid the court from making provision for the education and maintenance of such children out of the property of the innocent party. We are of the opinion, therefore, that the court erred in that portion of the judgment appealed from. [4] While in terms it awarded the custody of the child to the plaintiff, in effect it divided the custody equally between the two parties, awarding it to each in alternate periods of six months. We find no warrant in the law for the provision limiting the award of custody to a term of six years or to any period short of the minority of the child. We do not mean to intimate hereby that the trial court is without authority, in the exercise of a sound discretion, to specify, within reasonable limits, when the mother may visit or take the child, and the conditions thereof. But any such provision which would have the effect of awarding the custody of the child to the guilty party for substantial portions of the time would, in our opinion, be in contravention of the statute. It is but fair to state that respondent has filed no brief herein and we are, therefore, left in the dark as to the theory upon which the learned court proceeded or the considerations which moved it to the action taken.

The judgment appealed from is reversed and the case remanded to the trial court, with directions to enter judgment upon the findings in accordance with the conclusions above indicated.

Richards, J., Seawell, J., Lennon, J., Waste, J., and Lawlor, J., concurred.