## TENA HANNAH OSBON v. SANDER OSBON.[1]

February 5, 1932.

No. 28,751.

*E. J. Jones* and *Diamond & Jory,* for appellant.
*J. A. Cashel* and *Arnold W. Brecht,* for respondent.

LORING, J.

Plaintiff sued for divorce. Defendant by cross-complaint sought annulment of their marriage. The court found in favor of defendant on the ground that plaintiff had conspired with her stepfather to marry defendant in order to obtain the transfer to her of a $2,200 chattel mortgage on her stepfather's property; that she intended to live with defendant but a short time and then seek a divorce. The court found that the marriage had never been consummated and

[1]Reported in 240 N. W. 894.

decreed its annulment for fraud. There was no motion for a new trial. The plaintiff appeals from the judgment.

The defendant at the time of the marriage was 52 years old and the plaintiff 27 years. He had been courting her for four or five years and knew her and her stepfather and her mother intimately. They were neighbors. Plaintiff's stepfather owed defendant $2,200 secured by chattel mortgage. This mortgage had been assigned to defendant by a bank at the stepfather's request. Plaintiff told defendant that she did not want to marry defendant until this mortgage was paid because of the possible trouble that might arise. It was arranged that she should be substituted as mortgagee. This was done a day or two after the marriage. The parties lived together at defendant's farm for about six weeks after the marriage, when plaintiff suffered an infection which necessitated the amputation of a finger. She was taken from the hospital to her former home by defendant because she was not then able to work. Some person told defendant that his wife was never coming back to him, and this resulted in a disagreement between defendant on the one hand and plaintiff and her stepfather on the other. The suit followed. What defendant regards as the most damaging evidence against plaintiff was that of a "mental scientist," who said that in May after her illness plaintiff consulted her as to whether or not plaintiff would have to give up the mortgage if she did not go back to defendant. If this indicates anything, it tends to show that she had not matured an intention to disregard her marital obligations at the time of the marriage. Had she done so she would have sought advice before marriage rather than after.

In our opinion the evidence that the marriage has not been consummated is not sufficient to sustain the court's finding to that effect. It is undisputed that the parties lived together in the same house and occupied the same bed from the time of their marriage late in March, 1929, until early in May of that year. The defendant's denial of the consummation was at first qualified. Even if the evidence in this regard should be accepted as sufficient, there is another respect in which in our opinion the findings are not supported. We have searched the record in vain for any evidence that the plain-

tiff at the time of the ceremony of marriage entertained a present intention not to fulfil its obligations. Denial of intercourse standing alone is not ground for annulment. Cowles v. Cowles, 112 Mass. 298. There must have been an intention at the time of the marriage not to perform its duties. Anders v. Anders, 224 Mass. 438, 113 N. E. 203, L. R. A. 1916E, 1273; Millar v. Millar, 175 Cal. 797, 167 P. 394, L. R. A. 1918B, 415, Ann. Cas. 1918E, 184. Our own cases seem to relate to some fraud which affected the qualifications of a party to enter into the marriage. The incidents shown by the evidence from which the defendant seeks to support the findings are all subsequent to the marriage, and nearly all are subsequent to the separation which followed upon plaintiff's illness due to an infection suffered by her while discharging her household duties. We do not regard the arrangement by which plaintiff was substituted for defendant as mortgagee and creditor of her stepfather as supporting a finding that she entertained an intention at the time of the marriage not to fulfil its obligations. The findings against the plaintiff in her suit for divorce are supported by the evidence.

The judgment of annulment is reversed.