[Civ. No. 9961. First Appellate District, Division One.—October 1, 1935.]

EDWARD AUFORT, Appellant, v. MABEL FRANCES AUFORT, Respondent.

Leo A. Sullivan, John G. Robertson and Samuel L. Gold for Appellant.

No appearance for Respondent.

TYLER, P. J.—Suit for annulment of marriage. Plaintiff alleges in his complaint that he and defendant, his wife, were married on March 10, 1930, and that prior to that time defendant had been committed to the Sonoma State Hospital as a feeble-minded person. He further alleges that defendant fraudulently concealed this fact from him and also the further fact that she was sterilized in the Sonoma State Home on March 16, 1919; that he first learned of these facts on or about the first day of July, 1932, and never since has cohabited with the defendant. The prayer of the complaint seeks a decree of annulment of the marriage. Defendant failed to answer the complaint and her default was taken and entered. A

judgment for decree of annulment was denied by the court. This is an appeal from such judgment.

The sole question here involved is whether the fraud alleged entitles plaintiff to the relief which he seeks. Fraud is a generic term embracing many varying forms of deception and it may be actively pronounced or brought about by disingenuous silence. While courts should be slow to disregard the rights following marriage, as to annul the same is a harsh remedy, still in an extreme case such as is here presented the remedy should not be withheld. Any concealment on the part of the wife that she is in an unmarriageable condition is a fraudulent concealment material to the contract and affords good ground for setting it aside and declaring the marriage void. There is no sound rule of law or consideration of policy which requires that a marriage procured by such fraud should be held valid and binding. In *Baker* v. *Baker,* 13 Cal. 87, which was a suit for annulment on the ground of fraud, in that there was a concealment of pregnancy from a husband who had not sustained improper relations with his wife prior to marriage, Justice Field, speaking for the court, stated: ''Again, the first purpose of matrimony, by the laws of nature and society, is procreation. A woman, to be marriageable, must, at the time, be able to bear children to her husband, and a representation to this effect is implied in the very nature of the contract.'' To the same effect is *Barnes* v. *Barnes,* 110 Cal. 418 [42 Pac. 904]. So, also, in *Turney* v. *Avery,* 92 N. J. Eq. 473 [113 Atl. 710], which was a suit for annulment of a marriage on the ground of fraud in failing to disclose, as here, that defendant was sterile by reason of an operation and could not bear children, plaintiff was held to be entitled to an annulment. It was there said that the procreation of children is the most important end of matrimony, and when a woman, knowing herself to be barren and incapable of conceiving and bearing children by reason of an operation, does not disclose this fact to her intended husband, he, upon discovering such sterility after marriage, is entitled to a decree of annulment on the ground of fraud. This being so, it is unnecessary to discuss the question of antenuptial insanity.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.