[Civ. No. 10853. Second Appellate District, Division Two.—March 10, 1936.]

ROSA SUTTON, Appellant, v. CHESTER M. SUTTON, Respondent.

Sigmund S'Renco for Appellant.

S. S. Hahn and W. O. Graf for Respondent.

GOULD, J., *pro tem.*—To plaintiff's suit for separate maintenance her husband filed a cross-complaint for annulment of their marriage and was successful in the trial court. Plaintiff appeals.

The judgment annulling the marriage must be reversed. Evidently the action for annulment was predicated upon the ground that the consent of the husband was obtained by fraud. In this regard it is alleged that plaintiff, "in order to induce defendant to marry her, represented and promised

defendant that she loved him and him alone; that she had never loved any other man until she met defendant; that she had an exemplary character and associated with the best class of people; that she had never had any illicit relations with any man; that she cared nothing for wealth but desired to marry defendant only to have a moderate home and surroundings, and a companion whom she could love and who would love her; that she was in perfect physical condition and never had been ill, and that when they were married she would always love him, be kind and considerate of his happiness and desires, and a companion to him at all times". These promises and representations were false and untrue, it is further alleged, and the court found in conformity therewith; also to the effect that the wife's "character is questionable; that she had illicit relations with many men".

The husband was the only witness in support of the allegations of his cross-complaint. His testimony related largely to matters occurring after the marriage, consisting of complaints that his wife paid attention to other men, did not exhibit affection for him and made unreasonable money demands upon him. ■ Matters occurring after marriage cannot be the basis of an annulment suit. The only evidence even hinting at the alleged unchastity of appellant is the surmise, inference and speculation of her husband based upon his presumptions as to her physical condition. There is no evidence to support the finding of "illicit relations with many men". A judgment annulling a marriage cannot be sustained upon the ground that the wife prior to marriage represented herself to be of chaste and moral character (*Wilcox* v. *Wilcox*, 171 Cal. 770 [155 Pac. 95]; *Barnes* v. *Barnes*, 110 Cal. 418 [42 Pac. 904]); and even if such were a sufficient cause for annulment, there is no evidence in this case to support the allegations and findings of unchastity.

Judgment reversed.

Wood, J., and Crail, P. J., concurred.