[Civ. No. 13744.   Second Dist., Div. Two.   Aug. 6, 1942.]

FRANK  VILETA, Appellant, v.  DARLEEN  VILETA, Respondent.

L. J. Seay for Appellant.

E. R. Simon for Respondent.

GOULD, J. pro tem.—Plaintiff and defendant were married June 30, 1937. They separated January 15, 1942.  By an amended complaint filed April 28, 1942, plaintiff sought to have his marriage with defendant annulled upon the ground of fraud, in that, as alleged in said amended complaint, defendant prior to said marriage represented that she was normal physically and capable of bearing children, whereas, it is alleged, defendant at the time of making said representations knew they were false and untrue; that in truth and in fact defendant was then incapable of bearing children and by reason of her physical condition will suffer permanently from such disability.   It was alleged that plaintiff believed

defendant's representations as to her normal physical condition; that he relied upon them and would not have entered into the marriage if he had known the true facts; that he did not discover the truth until March 17, 1942, when defendant was examined by a physician, and that he has not lived with defendant since such discovery.

Defendant's answer, while admitting that she had knowledge of her physical condition prior to marriage, denied "that she falsely represented her condition to the plaintiff for the purpose of deceiving the plaintiff, or for the purpose of inducing his marriage to defendant."

At the trial, testimony in substance as above stated was given by plaintiff, by a physician in whose opinion defendant would not be capable of bearing children, and by defendant herself, who, called as a witness for plaintiff, stated under oath that prior to her marriage she was told by a physician whom she consulted "that I never would be able to have children"; that before her marriage she discussed with plaintiff the matter of having children; that she did not reveal to him the advice given to her by the physician whom she had theretofore consulted, but "led him to believe that I could have a family," and that she knew at the time she made such statements that they were not true.

No evidence was offered in behalf of defendant and there was no contradiction of testimony presented by plaintiff.

Annulment of the marriage was refused by the trial court. Plaintiff appeals. Respondent has filed no brief herein and in fact has stipulated that the case be "submitted to the court for decision without argument . . . on files and records and appellant's opening brief."

The court may not arbitrarily refuse relief where a case has been properly made out (*Polk* v. *Polk*, 50 Cal. App. (2d) 653 [123 P. (2d) 550]), and it has been held that the court is not authorized to deny a decree of divorce where evidence of the plaintiff, adequately corroborated, establishes the truth of the allegations of the complaint. (*Kirkpatrick* v. *Kirkpatrick*, 152 Cal. 316 [92 Pac. 853]; *Benkert* v. *Benkert*, 32 Cal. 467.)

While misrepresentations or concealments with respect to previous unchaste conduct (*Barnes* v. *Barnes*, 110 Cal. 418 [42 Pac. 904]; *Wilcox* v. *Wilcox*, 171 Cal. 770 [155 Pac. 95]), or with respect to wealth or social or official station (*Marshall* v. *Marshall*, 212 Cal. 736 [300 Pac. 816], fall short

of constituting grounds for annuling a marriage, yet where the fraud is vital to the conjugal relationship, that is, where it goes to the. very essence of the marriage relation, the aggrieved party is entitled to have the marriage annulled. (*Mayer* v. *Mayer*, 207 Cal. 685 [279 Pac. 783].) A woman who accepts the hand of her suitor thereby impliedly assures him of her ability, so far as lies within her knowledge, to bear children. Her concealment of her sterility is a fraud that vitiates the marriage contract (*Baker* v. *Baker*, 13 Cal. 87; *Hardesty* v. *Hardesty*, 193 Cal. 330 [223 Pac. 951]) and justifies annulment, when the man acts promptly upon his discovery of the fraud. (*Aufort* v. *Aufort*, 9 Cal. App. (2d) 310 [49 P. (2d) 620] ; *Turney* v. *Avery*, 92 N. J. Eq. 473 [113 Atl. 710].) There is neither rule of law, principle of equity nor reason arising from public policy which requires the continuance of a marriage resulting from such a fraud as that of which defendant was guilty.

For the foregoing reasons the judgment is reversed with directions to the trial court to enter judgment in favor of appellant annulling his marriage to respondent.

Moore, P. J., and McComb, J., concurred.