[Civ. No. 13748. Second Dist., Div. Three. Feb. 25, 1943.]

ELLIOTT JAMES FOY, Respondent, v. MARIA NAJARA FOY, Appellant.

Manuel Ruiz, Jr., for Appellant.

N. E. Youngblood for Respondent.

BISHOP, J. pro tem.—One of the causes for which a marriage may be annulled is stated in section 82 of the Civil Code to be: "That the consent of either party was obtained by fraud." ■ But "... it is not every fraud which will serve as an excuse for having a marriage annulled; only those frauds which are vital to the marriage relation are sufficient causes. (*Mayer* v. *Mayer*, (1929) 207 Cal. 685 [279 P. 783]; *Marshall* v. *Marshall*, (1931) 212 Cal. 736 [300 P. 816, 75 A.L.R. 661]; notes, 14 A.L.R. 121 and 75 A.L.R. 663.)" (*People* v. *Godines,* (1936) 17 Cal.App.2d 721, 723 [62 P.2d 787, 788].) It would seem that the chastity of the wife, prior to marriage, is not vital to the marriage relation, for it has been held that a false representation, made by the wife before marriage, that she had not been unchaste is not a ground for annulling a marriage. (*Wilcox* v. *Wilcox*, (1916) 171 Cal. 770, 772 [155 P. 95, 96]; *Sutton* v. *Sutton*, (1936) 12 Cal.App.2d 355, 356 [55 P.2d 261, 262]; and see *Barnes* v. *Barnes*, (1895) 110 Cal. 418, 421 [42 P. 904, 905]; and *Vileta* v. *Vileta,* (1942) 53 Cal. App.2d 794, 796 [128 P.2d 376].)

The judgment appealed from in this case granted plaintiff an annulment of his marriage. The sole basis on which the annulment was sought was that the defendant had falsely represented before her marriage to the plaintiff that her minor daughter was the child of a former, legitimate union. We see no difference in principle existing between this case and those beginning with *Barnes* v. *Barnes, supra,* and we do not consider the soundness of the principle a question open to debate before us, in view of the prior decisions of our Supreme Court. It follows that the judgment must be, and it is, reversed.

Desmond, P. J., and Wood (Parker), J., concurred.