[Civ. No. 12971. First Dist., Div. Two. Nov. 13, 1945.]

WALTER M. BRUCE, Appellant, v. MARIE CLAUDINE BRUCE, Respondent.

Wm. E. Most for Appellant.

No appearance for Respondent.

Ralph E. Hoyt, District Attorney, R. Robert Hunter, Assistant District Attorney, and Douglas R. Dunning, Deputy District Attorney, as Amicus Curiae on behalf of Respondent.

DOOLING, J.—This appeal is taken from a judgment denying the plaintiff an annulment of his marriage to defendant. The complaint charged that the marriage was induced by the fraud of the defendant in that she promised that upon her marriage she would leave her mother's home and live with plaintiff without any intention of performing her promise, and that in fact she had persistently refused to live with plaintiff in the home provided by him. The defendant defaulted and after hearing the evidence produced by plaintiff the court entered the judgment here under attack. The defendant is not represented on this appeal, but the district attorney of Alameda County has filed an amicus curiae brief in support of the judgment.

It is settled law in this state that a marriage may only be annulled for fraud if the fraud relates to a matter which the state deems vital to the marriage relationship. (*Bragg* v. *Bragg*, 219 Cal. 715, 720 [28 P.2d 1046]; *Marshall* v. *Marshall*, 212 Cal. 736, 738-739 [300 P. 816, 75 A.L.R. 661]; *Mayer* v. *Mayer*, 207 Cal. 685, 695 [279 P. 783]; *Foy* v. *Foy*, 57 Cal.App.2d 334 [134 P.2d 29].) Under this rule our courts have held that the following were sufficient to justify an annulment of the marriage: the fact, concealed from the husband at the time of marriage, that the wife did not intend to have sexual relations with him (*Millar* v. *Millar*, 175 Cal. 797 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415]); the fact that the wife concealed from the husband that at the time of their marriage she was pregnant by another man (*Hardesty* v. *Hardesty*, 193 Cal. 330 [223 P. 951]); the known fact of sterility concealed from the other spouse at the time of marriage (*Aufort* v. *Aufort*, 9 Cal.App.2d 310 [49 P.2d 620]; *Vileta* v. *Vileta*, 53 Cal.App. 2d 794 [128 P.2d 376]).

No case has been cited to us dealing with the particular fraud here involved but we have no hesitation in holding that the secret intention of a woman concealed from her husband at the time of marriage never to live with him in any home provided by him would be a fraud going to the very essence of the marriage relation and of such a vital character as to constitute ground for annulment. We do

not consider it necessary to elaborate the reasons for this conclusion further than to point out that the dwelling together of husband and wife in a common home is a major factor in the development of our entire civilization and a commonplace of our daily life assumed and taken for granted by all without question. The right of the husband to choose any reasonable place of living to which the wife must conform was recognized at the common law and is codified in Civil Code section 156. While directed to a wholly different question the discussion of the social importance of the home in *Miller* v. *Board of Public Works,* 195 Cal. 477, 492-493 [234 P. 381, 38 A.L.R. 1479] may properly be noticed here.

In order to constitute ground for annulment the fraudulent intent not to perform a duty vital to the marriage state must exist in the mind of the offending spouse at the very moment that the contract of marriage is entered into. (*Millar* v. *Millar, supra,* 175 Cal. 797, 803; *Mayer* v. *Mayer, supra,* 207 Cal. 685, 688; *Osbon* v. *Osbon,* 185 Minn. 300 [240 N.W. 894]; *Harding* v. *Harding,* 11 Wn.2d 138 [118 P.2d 789]; *Allen* v. *Allen,* —— W.Va. —— [28 S.E.2d 829].) It is the promise made *without the present intention of performing it* which constitutes the fraud.

We cannot say on the record before us that the evidence was such as to compel the trial court to find that at the time of their marriage the defendant had the present intention never to live with the plaintiff. It is axiomatic that fraud is never presumed but must be proved by clear and convincing evidence (12 Cal.Jur. 816, 832); and where the evidence will support different inferences the choice of inferences is for the trial court, and its finding based on the inference drawn cannot be disturbed on appeal. (*Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123]; *Juchert* v. *California Water Service Co.,* 16 Cal.2d 500, 506 [106 P.2d 886].)

There is no direct evidence of the intention of the defendant at the time of the marriage. Plaintiff testified that defendant's mother opposed the marriage; that after their marriage defendant told him that she wanted a larger home than he then had, and would possibly like to have her mother live with them; that he secured a larger home and furnished it according to her wishes, she picking out the furniture and choosing the colors for the interior decorations; that defendant then stalled him along telling him that it

was difficult to arrange it with her mother; that she began going out with other men and later wrote him a letter stating that she had fallen in love with another man. The only other witness testified that shortly after their marriage he met plaintiff and defendant and congratulated them and that the defendant said ''she hoped that everything would work out all right, but there was a lot of hurdles to get over, and that was her job, she said, to be able to get over them.''

From this evidence the trial court was not bound to draw the inference that defendant at the time of the marriage intended never to live with plaintiff. It will support the contrary inference that she intended to get over ''the hurdles'' and live with her husband. Her picking out the furniture and selecting the colors for the new home is more consistent with the inference of good faith than bad. The facts are at least as consistent with the inference that defendant intended to live with plaintiff and changed her mind when she fell in love with another man as they are with the inference that she wilfully deceived him at the time of marriage.

■ Appellant complains that two letters written him by defendant's mother were not received in evidence. The letters from the mother, even if admissible, are not shown by the record to relate to defendant's state of mind at the moment of marriage, which was admittedly concealed from the mother at that time.

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 13, 1945, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1946. Carter, J., and Schauer, J., voted for a hearing.