9 N.J. Super. 397 (1950)
74 A.2d 622
WALTER ARTHUR SINGER, PLAINTIFF,
v.
EMMA SINGER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 18, 1950.
*398 Mr. Peter Cohn, attorney for plaintiff.
Mr. George Breuer, attorney for defendant.
HEGARTY, A.M.
The complaint of the plaintiff against the defendant contains three counts. First Count charges defendant, at the time of the marriage, was physically and incurably impotent to consummate the said marriage, by reason of some cause unknown to plaintiff, and judgment is demanded thereunder adjudging the said marriage between them to be null and void. Second Count alleges that at the time of the marriage the defendant had formed in her mind a definite decision she would not accord to plaintiff the right of sexual intercourse following said marriage and thus is guilty of fraud, involving the essence of said marriage contract, and rendering the same voidable at his option, and judgment is demanded thereunder as in the First Count. By the Third Count, plaintiff seeks an absolute divorce from the defendant on the ground that she has willfully, continuedly and obstinately refused and refrained from having sexual intercourse with him as his wife since January 26, 1946, and she has, since that time, refused to consummate the marriage and thus has deserted him, and he seeks judgment dissolving the marriage between the parties. The defendant filed answer in denial of the material allegations of the complaint. By a cross-complaint filed November 1, 1949, defendant charged plaintiff with having abandoned her on October 28, 1948, and since that date has refused and neglected to maintain and provide for her. Plaintiff filed answer in denial of the abandonment and refusal to support defendant as in her cross-complaint is alleged, and as a First Defense thereto charges that because of her actions *399 as set forth in his complaint she is not entitled to the relief she is seeking in the cross-complaint; and the Second Defense, relying upon the actions of the defendant as charged in the complaint, charges that defendant is estopped from receiving the relief requested in the cross-complaint.
I find for the defendant on the Second and Third Counts of the complaint. As to the former because, as will more particularly appear below, there has been no sufficient showing that defendant had formed in her mind a definite decision, at the time of the marriage, to deny to the plaintiff intercourse; as to the latter because desertion, if such there be, has not been continuous and obstinate for the two years prior to the filing of the complaint on November 22, 1948.
From the testimony it appears that the parties were married January 26, 1946, while the plaintiff was in the Army and about to go overseas. He testified that as a result of a discussion with defendant's mother before the marriage in which the dangers of his overseas assignment and the possibility of leaving his wife pregnant were pointed out, he agreed to have no relations with his wife. That was his only night with his wife before returning to duty and being sent to Germany, and no intercourse was had. The plaintiff was discharged from the service and returned to his wife in May of 1947. Accepting his story in this regard as true, it effectively disposes of his claimed desertion as set forth in the Third Count of the complaint. On his return from service he attempted to have intercourse with his wife but found it to be impossible due to physical difficulties on the part of the wife, although it appears that she was willing to have relations. The defendant received medical treatment primarily for other conditions, but also for the physical difficulty here involved. The plaintiff testified that at no time while he was living with the defendant, that is from May, 1947, to October, 1948, when he left, was he able to have complete union with her. He testified further that attempts were made when the defendant, as she was part of the time, was not suffering from an inordinate menstrual flow.
*400 The defendant tells an entirely different story, and as proper in this type of case reliance must be placed upon medical testimony. No such evidence was adduced by the defendant. Dr. William Missionellie testified that the defendant consulted him several times while the plaintiff was overseas and that he advised treatment that might correct the condition involved, but suggested that it could wait until the plaintiff returned from abroad. In June of 1947, he was called in and the defendant was hospitalized for treatment. Examination revealed that the defendant had acute vaginitis, infantile vulva and uterus, and that the organs of the defendant were of insufficient size to permit penetration, and that she was not able to have intercourse.
R.S. 2:50-1 (c) provides that a marriage may be annulled when "The parties, or either of them, were at the time of marriage physically and incurably impotent, provided the party making the application shall have been ignorant of such impotency or incapability at the time of such marriage, or has not subsequently ratified the marriage." I find that the requirements of the statute are here satisfied. Medical testimony has shown a condition to exist which prevents normal intercourse  the want of the power for copulation is impotence. Turney v. Avery, 92 N.J. Eq. 473 (Ch. 1921). It is possible to infer from the defendant's failure to produce medical testimony as to her present condition that there has been no improvement or change. Thus it is known that the condition has existed for the past three years and from the medical testimony it appears that the defendant's trouble is, in all probability, congenital in nature. From the whole of the testimony in the case I find and conclude that the plaintiff has demonstrated by competent evidence that the defendant, at the time of the marriage, was physically and incurably impotent. The plaintiff was ignorant of the fact at the time of the marriage. His living with the defendant for something over a year during which time his wife was frequently under physical and psychiatric treatment which lead him to hope for an improved condition does not constitute a ratification.
*401 Therefore, I shall advise a judgment in favor of the plaintiff and against the defendant on the First Count of the complaint. The Second and Third Counts of the complaint are dismissed and the defendant's cross-claim is also dismissed. The plaintiff shall pay to the defendant or to her attorney the sum of $150 as attorneys fees.