GEORGE KEMPF, Appellant, *v.* MARGARET KEMPF, Respondent.

| 34 | 211 |
|----|-----|
| 70a | 342 |
| 34 | 211 |
| 80a | 282 |

*Divorce—Pleading.*—A petition for divorce, which states, in the words of the statute, that the defendant was, at the time of the marriage, and still is, impotent, and also adds the particular cause of impotency, is sufficient.

*Divorce—Pleading.*—One or two unconnected acts cannot be pleaded as showing that the plaintiff is entitled to divorce on the ground that the defendant has offered such indignities as to render his condition intolerable. One or more acts of drunkenness would not produce that condition, habitual drunkenness for the space of two years being one of the causes of divorce declared by the statute.

---

*Appeal from Marion Circuit Court.*

*H. L. Lipscomb*, for appellant.

The plaintiff maintains that the demurrer was improperly sustained; that the allegations in said petition constitute a good cause of action, and, if supported by proof, entitled the plaintiff to a divorce. (Hooper v. Hooper, 12 Mo. 354; R. C. 1855, p. 663.)

*McCabe & Anderson*, for respondent.

I. The demurrer was well taken and properly sustained. The very definition of impotence implies this; impotence may be truly defined as such an incurable incapacity as admits of neither copulation or procreation. (Bish. on Marriage and Divorce, 228.)

The petition does not allege that the defect is incurable; but it should have done so. The burden of proof is on the plaintiff to establish, both that the defect existed at the time of the marriage, and that it is incurable. (Bish. Mar. & D. 235.)

II. A single exhibition of drunkenness, on the part of either husband or wife, cannot with propriety be said to amount to *indignities* such as to render the condition of either party intolerable.

The statute evidently contemplates a series of acts, all directed to the same end; they must also be offered; no single act falls within its meaning. *Indignities* is the word used by the lawmakers; hence the demurrer to this second and last cause of action was well and properly sustained by the Circuit Court.

III. The statute will, under certain circumstances, relieve against continued and habitual drunkenness by divorcing the parties; but this drunkenness must have been habitual, and for the space of two years. It is a special cause of divorce, complete in itself, and it is assumed cannot be introduced as proof of any other cause of divorce allowed by the statute. The law has wisely affixed a limit beyond which the offending party may not go in drunkenness; but within this limit the parties must bear with the infirmities of each other.

BATES, Judge, delivered the opinion of the court.

This was a petition for divorce. An amended petition was filed, to which the defendant demurred. The demurrer was not sustained, and judgment given for the defendant, from which judgment the plaintiff appealed to this court.

The amended petition stated two causes for divorce. The first was, that at the time of the marriage of the parties " the defendant was, and still is impotent, in that the mouth of the vagina of the said Margaret was and still is closed, so as to prevent copulation. The second was, that the defendant offered to the plaintiff such indignities as rendered his condition intolerable, " in this, that the defendant did, in his presence, and in the presence of others, make herself, by the use of whiskey, (which she, without plaintiff's knowledge, obtained from one Coster,) beastly drunk; and in this, that defendant, in the presence of the plaintiff, as well as in the presence and under the eyes of others, laid down on the ground and *urinated* upon herself, making, by that means, her clothes wet, and in a most unseemly and unladylike condition."

The objection taken by the demurrer to the first cause of divorce, stated in the petition, was, that it was not alleged that the defect charged was incurable. The statute provides for impotence, as a cause for divorce, in these words, " when either party, at the time of the contract of marriage, was, and still is impotent." It does not define what shall constitute impotence; but this case shows such an incapacity as admits of neither copulation nor procreation; and the averment of impotence is in the words of the statute, with the specification of the particular character of the impotence. If the defect be curable, then the defendant is not impotent in the sense of the law, for it is not every temporary or occasional incapacity for copulation which is intended, but permanent and lasting inability. There is then meant by the word impotent, that the defect is incurable; and the petition having charged that the defendant is impotent, has thereby

alleged that the specified defect is incurable. The court therefore erred in sustaining the demurrer.

As to the second ground of divorce charged, it is impossible to lay down any rules that will apply to all cases, in determining what indignities are grounds of divorce, because they render the condition of the injured party intolerable. (Hooper v. Hooper, 19 Mo. 357.) In the present case two acts are alleged, both very disgusting, but together failing to show that the plaintiff's condition is intolerable; that one, or repeated states of drunkenness, would not produce that condition, (as meant by the law,) is evident, from the fact that one ground of divorce given by the same act is "habitual drunkenness for the space of two years." Whilst it is not denied that occasional drunkenness (especially of the woman) may form parts of the indignities to the other party which might render his condition intolerable, it cannot be held that one act of drunkenness, accompanied by the other indecency stated, (which resulted probably from drunkenness,) make out a case such as was intended by the law. The second count should be stricken from the petition.

Judgment reversed and cause remanded. Judge Bay concurs.

Judge Dryden did not sit in the cause, having been of counsel in the court below.