# Anonymous.

### Bill in Equity for Divorce, by Wife.

1. *Physical incapacity, as ground of divorce.*—Incurable physical incapacity to enter into the marriage state, as a statutory ground of divorce (Code, § 2322), means impotency, or physical incapacity to consummate the act of sexual intercourse, whether proceeding from physical imperfection or malformation; but, before the wife can obtain a divorce, on the ground that her husband is thus physically incapacitated by reason of the abnormal size of his private parts, she must submit to an examination of her person under the order of the court, to show that the defect is not on her part; and the husband must submit to an examination of his person, in order that the court may be satisfied that the proceeding is not consentive and collusive.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the wife, and sought a divorce, on the ground that the abnormal size of her husband's private parts prevented the consummation of the act of sexual intercourse between them. The parties were married on the 8th July, 1888, and the bill was filed on the 26th September, 1888. The chancellor overruled a de-

murrer to the bill for want of equity, and his decree is here assigned as error.

RICHARDSON & STEINER, for appellant.

CHARLES WILKINSON, *contra.*

STONE, C. J.—The averments of the bill in this case are too offensive to modesty to allow their publication in our reports. But, as said by Lord Stowell in *Briggs v. Morgan*, 3 Phill. 325—1 Eccles. Rep. 408—"Courts of law are not invested with the powers of selection. They must take the law as it is imposed on them. Courts of the highest jurisdiction must often go into cases of the most odious nature, where the proceeding is only for the punishment of the offender. Here, the claim is for a remedy, and the court can not refuse to entertain it on any fastidious notions of its own."

Our statute, Code of 1886, § 2322, declares that either party to a marriage is entitled to a divorce from the bonds of matrimony, "when the other was, at the time of the marriage, physically and incurably incapacitated from entering into the marriage state." The meaning of the words, "physically incapacitated," as here used, is substantially the same as that of the word *impotent*, frequently met with in divorce proceedings. It means powerless, or wanting in physical power, to consummate the marriage. Animal desire between the sexes is one of the incitements to matrimony, the lawful gratification of which is encouraged and protected alike by moral sentiment and municipal regulation. Copulation, or coition—the act of gratifying sexual desire—is the consummation of marriage, inability to accomplish which, when it proceeds from incurable physical imperfection, or malformation, is precisely what our statute means and expresses, by the words "physically and incurably incapacitated." Barrenness, however, is in no sense the synonym of impotency. We consider it unnecessary, at this stage of this case, to go into further details. 1 Bishop Mar. & Div. (6th Ed.), §§ 322 to 338*a*, inclusive, treats the subject at length, and collates and reviews the adjudged cases. We approve his statement of the American doctrine, as set forth in said sections.—*Devanbagh v. Devanbagh*, 28 Amer. Dec. 443, note.

The chancellor overruled the defendant's demurrer, and

his motion to dismiss the bill for want of equity; and the present appeal by the defendant is from this ruling. It is here contended that, before seeking a divorce, complainant should have submitted to the triennial test, sometimes required in the English Ecclesiastical Court. That being a rule of the canon, and not of the common law, it is doubtful if it could exert any influence in our deliberations, even if uninfluenced by statute. We think, however, that our statute forbids us to consider that rule, in passing on this statutory ground of divorce.

It is contended for appellant, that the averments in the present bill are not sufficiently specific. We think there is nothing in this, for very obvious reasons. We know not how the charges could be made more definite.

Questions are raised on the form of relief, and on the right to allow the amendment to the bill, which was made in the court below. There is nothing in these objections. However a sentence annulling marriage on account of impotency may have been classified or regarded under the canon law, such marriages were not absolutely void. They were only voidable at the request of the injured party. If not annulled by judicial sentence during the life of the parties, they entailed all the legal consequences of a valid marriage; and, until such sentence of annulment, neither party could contract other marriage. But we need not pursue this inquiry. Our statute, in terms, makes it a ground for divorce from the bonds of matrimony, and that fixes its class and *status* for us.

Is the malformation, or physical incapacity charged in the bill, if true, sufficient ground for divorce? Can we, as matter of law, or of indisputable fact, affirm that the charge is preposterous, and therefore untrue? Are the abnormal proportions, which are charged, impossible in the nature of things? We know of no rule of law or logic, by which we can reach such conclusion. We hold that the chancellor, in his decretal order, overruling the demurrer and refusing to dismiss the bill, did not err.

The briefs of counsel give evidence of diligent research, and they furnish no adjudged case, in which the malformation here complained of was the ground of complaint. We suppose such cases, if they exist at all, are very rare. To authorize the relief prayed, the proof should be very satisfactory, and the most direct which the nature of the question is susceptible of. The complainant must be required to

submit her person to examination by physicians, or matrons skilled in such matters, to be appointed by the chancellor; and proof of such examination, by the persons so appointed, showing that the fault is not with her, must be made an indispensable condition of relief. If she refuse to submit to such examination, then let her bill be dismissed.

The defendant also should submit to a skillful examination, as a condition of his defense, if he contests the complainant's right to relief. But, if defense is not made as herein indicated, the chancellor should scrutinize the testimony narrowly, and have recourse to any other legal means, with a view of ascertaining if the proceedings have not become consentive and collusive. Finding such to be the case, relief should be denied, except on clear proof of the charge preferred in the bill; namely, that for the reason stated, the defendant "was, at the time of the marriage, physically and incurably incapacitated from entering into the marriage state."

Affirmed.