PAYNE *vs.* PAYNE.

July 1, 1891.

Divorce—Impotency.—The term "impotency" defined.

Same—Sufficiency of Finding.—A finding that the defendant is impotent implies and includes every essential element constituting impotency, within the meaning of the law of divorce.

Action brought in the district court for Hennepin county, by husband against wife, for an absolute divorce on the ground of defendant's impotency. Appeal by defendant from an order refusing a new trial after a trial before *Hooker,* J., and judgment ordered for plaintiff.

*Ferguson & Kneeland* and *Edward C. Gale,* for appellant.

*E. A. Sumner,* for respondent.

MITCHELL, J. The statute does not define the term "impotency," but in the law of divorce it means want of *potentia copulandi,* and not merely incapacity for procreation. It is an incapacity that admits neither copulation nor procreation. And what the law refers to is capacity for *copula vera,* and not partial and imperfect or unnatural copulation. The incapacity must also be incurable. 1 Bish. Mar. & Div. § 765 *et seq.; D—e* v. *A—g,* 1 Rob. Ecc. 279. The nature of the case forbids a discussion of the evidence, but in our opinion it fully justified a finding that the defendant was "impotent" in the legal sense of the term. The court finds that she "was at the time of her marriage, and ever since has been, and is still, impotent." This is a complete and sufficient finding upon the only issue in the case; for the word "impotent" implies and includes every element essential as a ground of divorce. The learned judge, however, instead of limiting his findings to this one ultimate issuable fact, has, in accordance with an unfortunately common practice, incorporated into them a statement of the evidence and his conclusions on numerous mere evidentiary facts, in which, after describing defendant's natural defects, the efforts by surgical operations to remedy these defects, and the failure of such efforts, he adds: "We are unable to find

that the defendant's condition could be materially bettered by further surgical operations. She appears to have consulted noted surgeons, and was for a long time treated by Dr. Phillips, and after continued operations we find her in the condition above stated at the time of her marriage." It is contended that this amounts to an express special finding that he was unable to decide whether defendant's impotency was curable or not. We do not think that it fairly admits of this construction. What we think the judge meant was that, in view of the serious character of defendant's natural deformity, and the failure of previous skilled operations to remedy it, he was of opinion that any future operations would be equally unsuccessful; which was but a mild way of saying that the defect was incurable.

Order affirmed.