S——— vs. S———.

Middlesex.    March 28, 1906. — May 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Marriage and Divorce.    Impotency.*

Inability of a wife to perform the sexual marriage function without such severe pain as to cause a serious nervous condition and illness on her part, so that the husband and wife live apart because advised by a physician that sexual intercourse between them cannot be continued, the difficulty in their intercourse arising from a certain degree of variation from the normal in the sexual organs of both husband and wife, which would make no difficulty in intercourse between the husband and any other woman or between the wife and any other man, constitutes impotency which entitles the husband to a divorce under R. L. c. 152, § 1.

LIBEL for divorce, filed May 5, 1905, against a wife for her alleged impotency. In the Superior Court the case was heard by *Sheldon,* J., who reported it for determination by this court, as follows:

" The libellant testified that he and the libellee were married in Boston on November 24, 1897; that immediately after the marriage the libellee was unable to perform the marriage function. At the hearing it appeared that any attempt at sexual intercourse between the parties caused the respondent severe pain resulting in a serious nervous condition accompanied by severe headaches which continued usually a whole day; that at one time during attempted connection she fainted, and she invariably cried out and exclaimed with pain at each attempted connection. This condition of suffering and extreme nervousness continually increased until the mere mention of the subject became unbearable to her. Medical advice was taken, and acting upon such advice they ceased to attempt sexual intercourse for several months, but on resuming connection the same conditions arose in a more aggravated form. Upon the advice of a physician the parties separated on September 28, 1904, and have since lived apart. It also appeared that the libellee was desirous of becoming pregnant, thinking that this would result in a cure of her difficulty; that there had been a

complete consummation of the marriage, by complete acts of sexual intercourse on more than one occasion, though each time with great distress to her. There was a certain degree in each party of variation from the normal condition and juxtaposition of the sexual organs, and the difficulty resulted from these variations taken together; there would have been no difficulty in intercourse between him and any other woman or her and any other man. Finally a physician advised them that they must absolutely separate, that sexual intercourse between them could not be continued; and they accordingly separated as aforesaid.

"Upon these facts I ruled that the libel could not be maintained, and ordered that it be dismissed; and now, at the request of the libellant, report it to the Supreme Judicial Court for its decision. If on these facts the libellant is entitled to a divorce, my order is to be vacated, and a decree *nisi* entered in his favor; otherwise the libel is to be dismissed."

*H. E. Whittemore*, for the libellant.

No counsel appeared for the libellee.

BY THE COURT. On the facts stated in the report we are of opinion that the libellant is entitled to maintain his libel. *G——* v. *G——*, L. R. 2 P. & D. 287. *H——* v. *P——*, L. R. 3 P. & D. 126. *Payne* v. *Payne*, 46 Minn. 467. *D——* v. *A——*, 1 Rob. Eccl. 279. 2 Bish. Mar., Div. & Sep. § 781, note 2.

According to the terms of the report the order of the Superior Court is to be vacated, and a decree *nisi* entered.

*So ordered.*