[Bennett v. Bennett.]

# Bennett *v.* Bennett.

## *Bill for Partition.*

(Decided Dec. 8, 1910. 53 South. 986.)

1. *Marriage; Voidable; Physical Incapacity.*—Where one or both parties to a marriage are physically incapacitated to enter into that state, the marriage is not void ab initio, but voidable merely, and remains valid until regularly dissolved.

2. *Infants; Capacity to Sue; Marriage.*—Where a woman remains married until she arrives at the age of eighteen years, although the marriage was voidable, she gets the benefit of section 4499, Code of 1907, and can sue the husband, after divorce, for sale of realty for division, in her own right, and without the offices of a next friend.

3. *Partition; Bill; Description; Sufficiency of Excuse.*—Where the bill alleges that while complainant and respondent were husband and wife, they acquired jointly a certain house and lot situated at a certain place, which the bill seeks to have divided between the joint owners, and alleges that a more particular description cannot be given because respondent retains the deed and title papers and declines to assist complainant or to permit her to see the papers or otherwise aid her in getting a proper description, although she has made every effort to discover the description, alleges an adequate excuse for want of a more particular description.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

Bill by Ida Bennett against J. Hardy Bennett. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The bill alleges the marriage and living together of plaintiff and defendant and the fact that while so living together as man and wife they acquired and became lawfully possessed as joint owners of a house and lot situated near Virginia Mine, in precinct 2 of Jefferson county, the description of which the complainant is unable to give, as the defendant holds and retains the deed and title papers containing the description of the property. It is then alleged that the relation of husband and wife became dissolved after the complainant

[Bennett v. Bennett.]

became 19 years old. It is further alleged that complainant has used all means in her power to have the property sold without litigation, and has endeavored to obtain a proper settlement, but has been unable to do so. It is further alleged that she has made every effort to discover a proper description of the property, but that the respondent declined to aid or assist her, or to permit her to see the title papers, or to otherwise aid her in giving a proper description. The demurrers take the point that there is not proper description, and that it is not sufficiently shown that no proper description could be obtained. The bill shows that plaintiff was never legally married, that she is a minor, and was not capable of suing in her own name.

EETES, JONES & WELCH, for appellant. The complainant is under age and cannot maintain this bill in her own name, and the fact it is a partition proceeding affords no exception to the rule.—*Strange v. Gunn*, 56 Ala. 611. Counsel insist without citation of authority that the marriage was void, and hence, that plaintiff acquired no right by virtue of section 4499, Code 1907. Appellant insists on the authority of *Strange v. Gunn, supra*, that the facts stated by the bill would not support a decree, and that the bill fails to give a proper description for which no legal excuse is given.

PINKNEY SCOTT, for appellee. Counsel insists that the marriage was voidable and not void, and that when the complainant arrived at the age of eighteen while the relation existed, she became entitled to the rights given by section 4499, Code 1907; that one removal of disability is sufficient, and consequently, she could sue in her own name.—*Knight v. Coleman*, 117 Ala. 266. Counsel further insists that the bill shows ground for par-

tition, and that the bill alleges a legal excuse for failure to give a more complete description.—*Pollack v. Claflin,* 138 Ala. 644; *Woolf v. Underwood,* 96 Ala. 322; *Shackelford v. Bankhead,* 72 Ala. 476.

McCLELLAN, J.—Bill for sale of real estate for division between tenants in common. The complainant is the divorced wife of the defendant; the decree annulling the marriage (rendered in June, 1909) being based on the ground of physical malformation of the complainant. The complainant is 19 years of age; and it is objected that she should have proceeded by next friend, as is the practice where the cause of action is in favor of an infant.

Code 1907, § 4499, provides: "The marriage of any woman in this state who is under twenty-one and over eighteen years of age, or on the arrival at the age of eighteen years of any married woman in this state, has the effect immediately to remove her disabilities of minority; and thereafter she has the same legal rights and abilities as married women over twenty-one years of age." It appears from the bill that the complainant was a "married woman" upon her attainment of the age of 18 years; that the divorce was granted after she became 18 years of age. The argument for appellant is that divorce, on the ground indicated, voided the marriage ab initio; that it was a nullity from the beginning.

The law is otherwise. Where one or both of the parties are physically incapacitated to enter the marriage relation, the marriage is voidable, not void ab initio, and is regarded as valid until regularly dissolved. Such incapacity differing from the effect upon the status produced when one or both of the parties is or are mentally incapacitated to assume the relation, is good

[Bennett v. Bennett.]

ground for dissolution, but does not operate, when the relation is legally dissolved (on account of physical incapacity), to render the marriage void ab initio.— *Smith v. Morehead*, 59 N. C. 360; *G. v. G.*, 67 N. J. Eq. 30, 56 Atl. 736; *Anonymous*, 24 N. J. Eq., 19; 23, Cyc. pp. 844-886; 19 Am. & Eng. Ency. Law, p. 1169; *Anonymous*, 89 Ala. 291, 7 South. 100, 7 L. R. A. 425, 18 Am. St. Rep. 116. See, also, *Farley v. Farley*, 94 Ala. 501, 10 South. 646, 33 Am. St. Rep. 141. Accordingly the marriage between complainant and defendant was voidable only; and having arrived at 18 years pending the existence of the merely voidable relation, before its dissolution, the complainant passed under the influence of the statute quoted, and was so entitled to prosecute her suit in her own name.

The bill is sufficient in respect of its decription of the property sought to be sold; but adequate excuse for a more particular description is shown in the bill, and discovery, following sufficient allegations( *Pollack v. Claflin Co.*, 138 Ala. 650, 35 South. 645), is invoked, to the end that the indefiniteness in description may be cured. The demurrer was properly overruled.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD. JJ.. concur.