## Belle Kinkaid, Appellee, v. William L. Kinkaid, Appellant.

### Gen. No. 5497.

DIVORCE—*what essential to establish impotency.* In order to establish the right to a decree of divorce on the ground of impotency such impotency must be established by a preponderance of the evidence.

Divorce. Appeal from the Circuit Court of Warren county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed October 13, 1911. Rehearing denied April 11, 1912.

HANLEY & COX, for appellant.

D. C. MILLER and R. C. HUNT, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit for divorce, brought by Belle Kinkaid, the appellee here, against her husband, William L. Kinkaid, to the May term, 1910, of the Circuit Court of Warren county. The ground upon which a divorce was asked was impotency on the part of the said William L. Kinkaid, both at the time of the marriage and since then. The defendant, appellant here, filed an answer denying the impotency; a jury trial was had, in which a verdict was returned finding the issues for the complainant, and, after overruling appellant's motion for a new trial, the court entered a decree granting appellee a divorce on the grounds alleged. After a further hearing, in which evidence was heard as to the financial condition of appellant, the court entered a further order allowing appellee the sum of $1,550 as alimony. Appellant thereupon prayed an appeal to this court, which the trial court granted, after allowing the appellee a further sum of $100 to be paid by

appellant as attorney's fees for appellee in case of an appeal.

Appellee testified that, since her marriage with appellant in 1900 he had never occupied the same bed with her, except on occasions when they were visiting, and that he had never had sexual intercourse with her on any occasion since said marriage. She was corroborated to some extent by her two daughters by a former marriage. Two physicians testified for appellee as experts that, judging from the conditions testified to by appellee, the appellant was impotent. On the other hand, appellant testified positively that he had occupied the same bed with his wife on many occasions and had often had intercourse with her and that he was not impotent and never had been. She testified that she was doctoring for female weaknesses, and he testified that she was very ardent and that he attributed her female troubles to excessive sexual intercourse and that he suggested to her that she exercise moderation till she got well, or that she have a child; and she refused to bear a child. Two physicians testified for appellant, after examining him, that his organs were normal in every respect, and that there was nothing revealed by such examination which tended to show that he was impotent or ever had been.

We are of the opinion that the preponderance of the evidence is in favor of appellant and that it would be unjust to allow this decree to stand. The evidence of the two experts who testified for appellant after having made a physical examination of him with reference to this suit, is entitled to more weight here than that of appellee's experts who made no examination but relied upon the evidence of appellee and her daughters as a basis for their expert conclusions. So far as the question of impotency, raised here, is of a medical character, to be determined by medical experts, we consider that the evidence of that character offered by appellant is much more conclusive than that offered by

appellee. The evidence of appellee herself, to the effect that her marriage with appellant had never been consummated, is positively contradicted by appellant, and, while appellee is corroborated to some extent by other evidence, we cannot say that the preponderance of evidence on that point is in her favor. In our judgment, there is no preponderance of evidence that appellant is or ever has been impotent, but the greater weight of the evidence on that subject is with appellant, and a decree of divorce on that ground should not have been granted. Appellee introduced evidence tending to show that appellant was insane, which evidence appellant contradicted, but insanity is not alleged in the bill and is not a ground for divorce. For the reasons above set forth, the decree is reversed.

*Reversed.*