OKLE B. SMITH, Respondent, v. LeROY SMITH, Appellant.

Kansas City Court of Appeals, March 7, 1921.

1. **PLEADING: Cause of Action Must be Stated in Petition: Reply Cannot be Used to Aid Petition by Introducing New Cause of Action, or of Supplying Material Allegations Omitted Therefrom.** In an action for divorce where plaintiff's case was based upon an allegation of impotency, a reply filed in the case cannot be used in aid of the petition by introducing for the first time a new cause of action, or an additional cause of action, nor to engraft on the petition a material allegation omitted therefrom.

2. **DIVORCE: Impotency: Barrenness Does Not Constitute Impotency and is not Sufficient to Support Divorce Decree.** Impotency is defined to be an incurable incapacity that admits neither copulation

nor procreation; the copulation contemplated being *copula vera*, not partial, imperfect or unnatural; it must be incurable, and render complete sexual intercourse practically impossible; absence of conceptive power or barrenness does not constitute impotency sufficient to support decree of divorce, if there is complete power of copulation.

-3. ————: Evidence Held Insufficient to Establish Impotency of Husband. Where the evidence showed that sexual acts between the parties were at regular intervals, the defendant was not impotent within the meaning of the law entitling plaintiff to divorce.

Appeal from the Circuit Court of Jackson County.— *Hon. Daniel E. Bird,* Judge.

REVERSED.

*L. O. Carter* for respondent.

*C. R. Leslie* for appellant.

ARNOLD, J.—This is a suit for divorce. The parties were married at Victoria, B. C., May 5, 1914, and lived together as husband and wife until on or about March 16, 1918, when they separated and have not lived together since. Suit was filed in the circuit court of Jackson County at Independence, Missouri, July 7, 1919, and was transferred to Kansas City, tried in division No. 8 of the circuit court November 25, 1919, taken under advisement by the court and decision rendered December, 16, 1919, granting plaintiff a decree of divorce. Defendant appealed.

The petition (omitting all formal matters) alleges that "at the time the marriage between plaintiff and defendant was contracted, as aforesaid, defendant was and still is impotent." Plaintiff further asked that her maiden name be restored.

Defendant, in his answer, admits the marriage as alleged in the petition and denies each and every other allegation therein contained. And for further defense the answer charges plaintiff with unfaithfulness to her marriage vows made with defendant and specifically

sets out alleged acts of unfaithfulness of plaintiff. The amended reply is a general denial of the allegations of unfaithfulness set up in defendant's answer and contains certain charges against defendant, among them "that defendant employed would-be-sleuths to shadow and observe her daily acts and conduct." These charges are clearly new matter which may not be set up in a reply.

"A reply cannot be used in aid of a petition by introducing for the first time a new cause of action, or an additional cause of action, nor to engraft on the petition a material allegation omitted therefrom." [Rhodes v. Land & Lumber Co., 105 Mo. App. 179, 79 S. W. 1145; Mathieson v. Railroad, 219 Mo. 542, 118 S. W. 9; Platt v. Parker-Washington, etc. Co., 161 Mo. App. 1. c. 669, 144 S. W. 143.]

Plaintiff's case is bottomed upon the allegation of impotency and that is the only question before us for consideration. 14 Cyc. 596-597 defines impotency as "an incurable, incapacity that admits neither copulation nor procreation: the copulation contemplated being *copula vera*, and not partial, imperfect, or unnatural. It must be incurable, and render complete sexual intercourse practically impossible. [Griffeth v. Griffeth, 162 Ill. 368, 44 N. E. 820; Kempf v. Kempf, 34 Mo. 211.] Thus absence of conceptive power or barrenness does not constitute impotency if there is complete power of copulation. [Anonymous, 89 Ala., 291, 7 So. 100; Jorden v. Jorden, 93 Ill App. 633; Payne v. Payne, 46 Minn. 467, 49 N. W. 230.] Physical incapacity as a statutory ground for divorce is generally construed to mean impotency." [Anonymous, 89 Ala. supra.]

This phase of the matter is fully and clearly stated in Bishop on Marriage, Divorce & Separation, Vol. 1, section 758, as follows: "The doctrine of this chapter is, that, since marriage is a sexual relation, having in view the propagation of the species, a man or woman so imperfect in the sexual organism as to be perpetually and incurably incapable of the connection that precedes parentage,

cannot enter into indissoluble matrimony with another having no notice of the incapacity. Yet as marriage continues or is properly contracted after the years of fruitfulness have gone by, and as in every aspect mere sterility could not usually be made a matrimonial impediment, the law's test is simply the ability or inability for copulation, not fruitfulness."

And at section 797 of the same volume, it is said: "The ability to become a parent is never an essential element in marriage.—not that it is intrinsically unimportant, but practically marriage may well subsist without it. And to make a deception as to this the foundation of a suit for nullity would lead to offensive and demoralizing inquiries in the courts, with no compensatory advantages. So the question is made to turn simply on the ability for the sexual connection."

In Rodgers on Domestic Relations, sec. 143, p. 102 we find: "By the word 'impotency,' as used in the law books, is meant something more than a mere lack of power of procreation or even the full physical ability of sexual connection. As is said by the Supreme Court of Minnesota, in a late case, 'it means want of *potentia copulandi*, and not merely incapacity for procreation. And what the law refers to is capacity for *copula vera*, and not partial and imperfect or unnatural copulation.' "

This line of reasoning is followed in Payne v. Payne, 46 Minn. 467, 49 N. W. 230; Kempf v. Kempf, 34 Mo. 211; Bunger v. Bunger, 85 Kans. 564; Kinkaid v. Kinkaid, 168 Ill. App. 333. In Payne v. Payne, supra, we recognize the leading case on this question, and the other cases cited follow it closely.

It is clear then, that the one essential element to constitute impotency is the absence of complete power of copulation. That element being present, the absence of the power of procreation is inevitable, but absence of procreative power is not sufficient to constitute impotency as defined in law. In applying these principles of law to the present case, it is necessary to refer briefly to the testimony adduced at the trial.

The testimony of plaintiff herself, in our opinion, is quite sufficient to show that defendant was not impotent within the meaning of the divorce laws. On cross-examination plaintiff testified that defendant was able to perform the copulative act and that this act was per-formed by plaintiff and defendant, in the "ordinary manner." Plaintiff was asked the direct question: "Do you claim that he (referring to defendant) has any physical defect in his sexual organs?" Answer: "You mean in connection with the impotency? Q. Yes. A. No. Q. When did you first raise this point against the defendant? A. When I filed the petition. Q. You never raised it during the four years. A. No."

Plaintiff in her testimony in reply to repeated questions by defendant's counsel stated, with apparent reluctance, that the sexual acts between plaintiff and defendant were at regular intervals, and that said sexual acts were satisfactory to defendant but not to plaintiff. And when asked: "Was that due to his fault or yours?" she answered, "Well, I don't know—I am a perfectly normal human being."

The burden of proof is on plaintiff to substantiate the allegation of impotency in her petition by a preponderance of the evidence. This, in our opinion, she has failed to do. Her testimony alone is sufficient to show that defendant was not impotent within the meaning of the law. She is clearly not entitled to a divorce under the law because she has failed in her proof to support her allegation.

The cause must be reversed upon this view of the proof and consideration of any of the questions raised is unnecessary. Reversed. All concur.