## REED v. REED.—177 S. W. (2d) 26.

Middle Section.  July 10, 1943.

Petition for Certiorari denied by Supreme Court, December 17, 1943.

John A. Chumbley, of Manchester, for plaintiff in error.

Warden & Warden, of Manchester, for defendant in error.

HOWELL, J. This is a divorce suit filed by Felix Reed against his wife, Mary Sue Reed, upon the grounds of cruel and inhuman treatment, and in an amended bill it is charged that the defendant is impotent and incapable of procreation. The defendant in her answer and cross-bill denies all of the material allegations of the bill and prays for separate maintenance without divorce.

After hearing all the evidence the trial Judge dismissed the complainant's suit and granted the defendant an allowance for support and maintenance and attorneys' fees.

The complainant has appealed and has filed five assignments of error, which raise two questions: Error of the Court in dismissing complainant's bills on the evidence, and error in refusing a request of the complainant to

have the defendant submit herself for examination by a physician.

■ An examination of the record discloses that the complainant has failed to meet the burden of proving that the defendant is guilty of any of the charges made against her and we concur in the finding of facts by the trial Judge.

These young people both worked at the Star Union Factory and was married on October 16, 1939, and were separated on June 19, 1942. They pooled their earnings and seem to have lived normally as husband and wife until their separation. It is evident from the testimony that the principal cause of the disagreement and separation was the apparent infatuation of the complainant with another girl.

■ The appellant relies more upon his charge of impotency and inability to procreate. He has failed to prove this charge. The testimony of the complainant himself refutes the charge, and under these circumstances he was not as a matter of law entitled to an order of Court requiring a physical examination of the defendant by a physician.

■■ In the case of Williams v. Williams, 1 Tenn. Civ. App. (1 Higgins), 538, on page 543 et seq., the Court said:

"We now come to the other charge in the petition, that of natural impotency—a cause for divorce that is rarely resorted to in the courts of the country by persons seeking to annul their marital relations. This cause for divorce may be found at subsection 1, under section 4201 of Shannon's Code, and reads as follows:

" 'That either party, at the time of the contract, was and still is naturally impotent and incapable of procreation.'

" 'Impotency in the law of divorce means want of potentia copulandi and not merely incapacity for procreation. It is an incapacity that admits neither copulation nor procreation.'

"Payne v. Payne, 46 Minn. 467, 49 N. W. 230, 24 Am. St. Rep. 240.; Griffeth v. Griffeth, 162 Ill. 368, 44 N. E. 820, 821; Words and Phrases [First Series], Vol. 4, page 3443 [20 Words and Phrases, Perm. Ed., p. 284].

"In Am. & Eng. Enc. of Law, second edition, Vol. 19, page 1165, impotency is defined to be 'such incurable sexual incapacity of one of the parties at the time of the marriage as prevents true and natural copulation. It is such deformity or weakness as prevents a consummation of the marriage by sexual intercourse. It is not sterility, or barrenness, nor is it pregnancy by another at the time of the marriage.'

" 'The incapacity must be permanent or incurable, or it must appear that the impotent party refused to submit to treatment or to a surgical operation.' Am. & Eng. Enc. of Law, second edition, Vol. 19, page 1166.

" 'The incapacity must have existed prior to the marriage, and must be such as to have prevented the consummation of the marriage. No relief will be granted where the incapacity arises after marriage.' Am. & Eng. Enc. of Law, second edition, Vol. 19, page 1166. ,

" 'Nullity suits for impotency are rarely prosecuted, on account of the difficulty of producing sufficient evidence, and the indelicacy of the evidence. But the indecency of the evidence will not deter the Court from granting relief. The evidence must be clear and convincing, and not based upon the uncorroborated testimony of the petitioner.' Am. & Eng. Enc. of Law, second edition, Vol. 19, page 1167.

694

" 'The burden of proof is upon the party alleging the impotency to establish not only that the impotency existed at the time of the marriage, but also that it is incurable.' Am. & Eng. Enc. of Law, second edition, Vol. 19, page 1167.

"It will be observed from the following (foregoing) authorities that to justify the Court in annulling the marriage, it must appear that the party against whom impotency is alleged, shall not only be impotent at the time of the separation, but such impotency must have existed at the time of the marriage, and must be incurable. Temporary impotency or impotency that is curable will not be sufficient to warrant the Court in annulling the marriage. The burden of proof is upon the party making the charge as a cause for divorce to prove it, and it must be clearly proven by a preponderance of the evidence. The uncorroborated evidence of the party seeking a divorce for such cause is not sufficient to establish its existence."

█ It is true that a Court having jurisdiction to grant a divorce also has the power to direct a proper physical examination, but such Court should not order such an examination unless the evidence is clear and convincing that it is necessary to determine the truth. The testimony of the complainant is not sufficiently convincing in this cause to authorize the Court to order such a physical examination.

See 9 R. C. L., Par. 46 et seq. on pages 283 et seq.

It results that all of the assignments of error are overruled and the judgment of the trial court affirmed.

The cause will be remanded to the Circuit Court of Coffee County for the enforcement of its decree.

The appellant and his surety on the appeal bond will pay the costs of the appeal and the costs of the trial court will be paid as adjudged by that Court.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.