## Rainey v. Natrona Water Company

*Horton Smith* and *Harry M. Jones*, for plaintiff.

*William H. Eckert* and *Smith, Buchanan & Ingersoll*, for defendant.

EGAN, J., October 7, 1943.—A water company is not liable to an individual property owner, or lessee, for a fire loss resulting from a shortage of water. This principle is applicable where such failure in the water supply may have been due to the company's negligence and under circumstances requiring the company, by its contract with the municipality, to furnish an adequate supply of water with sufficient pressure to extinguish fires: Beck v. Kittanning Water Co., 8 Sadler 237; Thompson v. Springfield Water Co., 215 Pa. 275; Stone v. The Uniontown Water Co., 4 Dist. R. 431; German Alliance Ins. Co. v. Home Water Supply Co., 226 U. S. 220; Moch Co. v. Rensselaer Water Co., 247 N. Y. 116.

Plaintiff accepts these principles as the common law of Pennsylvania, but contends that they were changed by the Public Utility Law of May 28, 1937, P. L. 1053,

particularly by sections 401 and 1310. An examination of the statute shows that in actions for negligence the legislature did not intend to change or increase the liability of public utilities such as the defendant water company. This statute has not been construed by our appellate courts, but in Hudak v. Scranton Spring Brook Water Service Co., 39 D. & C. 346, Judge Valentine of Luzerne County, in an action of·trespass for destruction of plaintiff's property, allegedly through defendant's negligent failure to furnish adequate water to fireplugs near plaintiff's property, ruled that plaintiff had no legal standing to maintain such an action. In that case plaintiff sought to escape from the common-law principles on the contention that the Public Utility Law of May 28, 1937, P. L. 1053, had changed the prior law. Judge Valentine stated (pp. 348, 350) :

"It is clear that prior to the passage of the Public Utility Law of May 28, 1937, P. L. 1053, this action could not be maintained. . . .

"We deem the language of the Public Utility Law of 1937, supra, to be, in effect, declaratory of the common law. It has always been the duty of water companies to furnish reasonably adequate service at reasonable rates and without discrimination to all who are entitled to apply for service.

"The legislature had knowledge of the rule of law established by the courts of the Commonwealth, and had it intended to impose upon water companies responsibility for the failure to supply a sufficient quantity of water to extinguish fires it would have so declared in plain and unmistakable language. The presumption is that the legislature does not intend, by the passage of a statute, to make any change in the common law beyond what it declares, either in express terms or by·unmistakable implication: Wilson v. Wilson, 126 Pa. Superior Ct. 423; Bridgeford v. Groh et ux., 306 Pa. 566."

154

The testimony offered by plaintiff and his witnesses was vague and indefinite and insufficient to determine, with any reasonable certainty, how much, if any, of plaintiff's loss could have been avoided if there had been an adequate supply of water throughout the duration of the fire. The firemen who testified were unable to say at what point the fire could have been stopped with an adequate supply of water. Of itself, this weakness in plaintiff's case would be sufficient to sustain the action of the trial judge in granting a compulsory nonsuit.

*Order of court*

And now, October 7, 1943, the motion ex parte plaintiff to take off the compulsory nonsuit and grant a new trial is refused, and it is ordered that judgment be entered in favor of defendant, Natrona Water Company.