## JAMES K. GIBBS v. MARGARETTE GIBBS

23 So. (2nd) 382        June Term, 1945
October 2, 1945        Division A
Rehearing denied October 12, 1945

*Laura H. Hyde* and *John E. Lake,* for appellant.
*Harvey Mabry,* for appellee.

TERRELL, J.:

Appellant sued appellee for divorce grounding his claim on impotency, extreme cruelty and fraud in procuring the marriage contract. There was an answer denying the material allegations of the bill and on final hearing the Chancellor found the equities to be with the defendant, denied the divorce, and dismissed the cause. This appeal is from the final decree.

The first question urged turns on a judicial determination of the words "naturally impotent," being one of the grounds for divorce in Section 65.04 (2) Florida Statutes of 1941.

Payne v. Payne, 46 Minn. 467, 49 N. W. 230 and Smith v. Smith, 206 Mo. App. 646, 229 S.W. 398, are two leading cases in the country on the point and both define impotency as absence of the power to copulate. If the power to copulate is present the possessor is not impotent though he may or may not have the power to procreate. This seems to be the rule generally approved throughout the country, it was followed by the Chancellor, and it is the rule of this Court.

The charge of fraud and extreme cruelty are predicated on the allegation that defendant never matured mentally beyond her tenth year, that she procured the performance of an operation of her anatomy which rendered her sterile, and that she concealed this information from the plaintiff till long after their marriage.

The evidence relating to these charges is in hopeless conflict, but we find the decree appealed from supported by competent testimony. Save the bare allegation of appellant there is no support for the charges that appellee is a moron. It would be contrary to every element of fair trial to rest one spouse's I. Q. rating on the bare allegation of .the other when sparring in the divorce court. Whether a spouse is a moron or a potential Phi Beta Kappa is a question of fact not here established but if it had been, there is no point between these extremes where the law of Florida inhibits one from becoming a party to a marriage contract. The parties to the instant contract indulged in one year of courtship and lived together seven years, sufficient to condone and raise the statute of limitations against this contention.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.