98 So.2d 379 (1957)
Mary Evelyn COTT, Appellant,
v.
De Lancy George COTT, Appellee.
No. 115.
District Court of Appeal of Florida. Second District.
November 20, 1957.
Collins & Hallett, St. Petersburg, for appellant.
No appearance for appellee.
KANNER, Chief Judge.
This appeal is taken from adverse final decree in an uncontested suit for divorce on the statutory ground of natural impotency. The case was heard by a general master in chancery who recommended that decree of divorce be granted. The chancellor, in written opinion and order denying the divorce, stated:
"Thus, it is my opinion that natural impotency means just what it says, being impotent by nature and not by age, or that one lacks the necessary ability to copulate or consummate the marriage relationship by nature, and by nature means from birth."
This appeal, then, pivots on the question of whether or not in the governing statute, section 65.04(2), Florida Statutes, 1955, F.S.A., the term "naturally impotent" contemplates or has the same connotation as congenitally impotent.
The case of Gibbs v. Gibbs, 1945, 156 Fla. 404, 23 So.2d 382, involved a suit for divorce in which one of the grounds was natural impotence. This ground was not sustained. The court stated:
"The first question urged turns on a judicial determination of the words `naturally impotent,' being one of the grounds for divorce in Section 65.04 (2) Florida Statutes of 1941, F.S.A.
"Payne v. Payne, 46 Minn. 467, 49 N.W. 230, 24 Am.St.Rep. 240, and Smith v. Smith, 206 Mo. App. 646, 229 *380 S.W. 398, are two leading cases in the country on the point and both define impotency as absence of the power to copulate. If the power to copulate is present the possessor is not impotent though he may or may not have the power to procreate. This seems to be the rule generally approved throughout the country, it was followed by the Chancellor, and it is the rule of this Court."
We then see that lack of capacity to copulate constitutes impotency, although barrenness or sterility where the ability to copulate is present does not. However, in the Gibbs case, supra, no comment is made with reference to the materiality of the origin and cause of impotency as applied to the statutory term, nor is there any Florida case interpreting this phase.
In the case of Griffith v. Griffith, 1896, 162 Ill. 368, 44 N.E. 820, 822, the wife sued for divorce on the ground of impotency of the husband. The husband's impotency had not existed from birth. The statute provided that if either party at the time of the marriage was "naturally impotent", the injured party could obtain a decree of divorce. The Supreme Court of Illinois ruled that the words, "naturally impotent", as used in the statute did not connote that impotency had to exist from time of birth. In that case it is stated with reference to the term, "naturally impotent":
"It is claimed that our statute by the use of the words `naturally impotent' only contemplates as a cause for divorce such impotency as exists from birth, and results from a defect caused by nature. It is difficult to define the exact meaning of the term `naturally impotent.' In construing a statute of the state of Pennsylvania, where the words were, `was and still is naturally impotent,' a court of common pleas in that state said: `Taking literally the word "naturally," would exclude any impotency caused by an injury after birth. Yet it certainly does not exclude such a case. * * * On authority and reason we have no doubt that our statute means incurable impotency.'"
It is further stated:
"* * * It being established that the incapacity must exist at the date of the marriage, and that it must be incurable, it is difficult to perceive what difference it can make whether it existed at birth, and by some formation or nonformation of nature, or was caused by the party's own fault. We are inclined to concur with the appellate court in the following statement made by that court in its opinion in this case: `"Incurably" is, in our opinion, what is meant by "naturally," as used in the statute, when applied to impotency. * * * It seems to us, both upon reason and authority, that to be "naturally impotent," as said in the statute, is to be impotent or incapable in the matter of performing coition with the other sex as nature prompts, and incurably so.' Griffith v. Griffith, 55 Ill. App. [474] 475." * * *
We are convinced and conclude that the origin and cause of the impotence is immaterial as it relates to the language "naturally impotent" employed in the statute. It is essential that the impotency exist at the time of marriage and it makes no difference whether it arose through some act of nature, through accident, through the fault of another, or through fault of the individual himself. To apply the restrictive interpretation to the statute could have the effect of denying its very purpose.
The chancellor should have followed the recommendation of the general master and granted the decree of divorce. The cause is reversed and remanded for entry of decree as recommended.
PLEUS and ALLEN, JJ., concur.