M———— *vs.* M———— (and a companion case[1]). February 7, 1961. Decree affirmed. The judge entered a decree nisi on the husband's

---

[1] The companion case is by the libellee in the first case against the libellant.

libel for divorce on the ground of the impotency of his wife (G. L. [Ter. Ed.] c. 208, § 1). He dismissed the wife's petition for separate support. The wife has appealed from both decrees. The evidence is reported. The parties were married November 3, 1957. The libel for divorce was filed October 8, 1959. The judge was clearly justified in finding that, unknown to the husband at the time of the marriage, the wife because of congenital physical abnormalities was incapable of copulation. See *S———* v. *S———*, 192 Mass. 194; *Merrill* v. *Merrill*, 126 Mass. 228; *Mutter* v. *Mutter*, 123 Ky. 754; *Fehr* v. *Fehr*, 92 N. J. Eq. 316; *Singer* v. *Singer*, 9 N. J. Super. 397, 400; *Donati* v. *Church*, 13 N. J. Super. 454. The condition is incurable. *Reed* v. *Reed*, 26 Tenn. App. 690, 693. *Singer* v. *Singer, supra.* The principle of condonation or ratification is not applicable. *Fehr* v. *Fehr, supra;* but see *Donati* v. *Church*, 13 N. J. Super. 454, 457.

*Max Singer*, (*S. Roy Remar* with him,) for the libellee.
*Nyman H. Kolodny*, (*Daniel J. Connors* with him,) for the libellant.